IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: INTRAMTA SWITCHED ACCESS | § | |
| CHARGES LITIGATION | § | |
| | § | Civil Action No. 3:14-MD-2587-D |
| | § | (MDL No. 2587) |
| | § | |
| | § | |
| THIS DOCUMENT RELATES TO | § | |
| ALL CASES | § | |

## CASE MANAGEMENT AND SCHEDULING ORDER NO. 1

On December 16, 2014 the United States Judicial Panel on Multidistrict Litigation ("JPML")

transferred this litigation to this court pursuant to 28 U.S.C. § 1407 for coordinated or consolidated

pretrial proceedings.  The court now enters case management and scheduling order No. 1.

## I. GENERAL

1.    **Application of this Order.**

This order applies to all cases transferred to this court by the JPML on December 16, 2014,

all tag-along cases later transferred to this court, and all related cases later filed in, removed to, or

transferred to this court.

2.    **Filings by the Court in the Master Docket.**

Civil Action No. 3:14-MD-2587-D is the Master Docket in this litigation.  Unless the court

otherwise directs, when a document is filed by the court and docketed in the Master Docket, it is

deemed filed and docketed in each individual case now pending or hereafter filed in this court that

is part of this litigation.

The clerk of court is directed to docket this order in the Master Docket and in each individual

case now pending or hereafter filed in this court that is part of this litigation.  Unless the court

otherwise directs, the clerk of court need not docket in each individual case any other documents filed by the court in the Master Docket.

**3.      Filings by the Parties in the Master Docket and Individual Cases.**

Unless the court otherwise directs, a party must make a filing only in an individual case or cases to which it is a party, not in the Master Docket.  A filing that relates to all cases must be identified by the notation, "THIS DOCUMENT RELATES TO ALL CASES."  A filing that relates to fewer than all cases must be identified by the notation, "THIS DOCUMENT RELATES TO [CIVIL ACTION NO. ] [CIVIL ACTION NOS. ]."

When a party makes a permitted filing in the Master Docket, the filing is deemed to have been filed and docketed in each individual case then pending or thereafter filed that is part of this litigation.

**4.      Receipt of Notices of Filings Made in the Master Docket.**

The clerk of court is directed to provide notice of electronic filing ("NEF") of this order in all cases to which this order applies.  Attorneys desiring NEFs of other filings made in the Master Docket must add the Master Docket to their electronic case filing system ("ECF") account notice list, following the procedure outlined on the court's opening web page under MDL Cases. Assistance in completing this process can be obtained from the clerk of court.

**5.      Authority of Clerk of Court to Ensure Accuracy of Master Docket.**

To ensure the accuracy of the Master Docket and compliance with the requirements of this order, the clerk of court is authorized under the direction of the court to remove entries that have been made in the Master Docket, renumber the remaining entries, and take such additional steps as are necessary for these purposes.

**6.      Filings by Electronic Means; Judge's Copies Not Required or Permitted.**

All filings must be made by electronic means through ECF.  Unless the court otherwise orders, a "judge's copy"—that is, a paper copy of an original pleading, motion, or other paper that is submitted for use by the presiding judge (*see* N.D. Tex. Civ. Rule 1.1(g))—is not required or permitted.

**7.      Service of Opinions, Orders, Pleadings, and Other Papers.**

Unless a statute or rule otherwise requires, service of opinions, orders, pleadings, and other papers filed by the court or by a party is made through the NEF generated by ECF.

**8.      Entry of Appearance.**

An attorney entering an appearance must enter the appearance only in the individual case or cases in which the attorney represents a party.  Appearances must not be entered in the Master Docket unless the court designates the attorney as lead counsel, liaison counsel, or otherwise grants the attorney permission to enter an appearance in the Master Docket.

**9.      Admission *Pro Hac Vice* without a Fee; No Requirement of Local Counsel.**

An attorney who is not a member of the bar of this court but who is admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation.  The *pro hac vice* fee that otherwise applies to cases filed in this court does not apply to this litigation. Local counsel are permitted, but not required.

**10.     Application of Local Civil Rules and Individual Judge Procedures.**

Unless the court otherwise orders, the local civil rules of the Northern District of Texas and the individual requirements of United States District Judge Sidney A. Fitzwater apply to this litigation.

- 3 -

## II. INITIAL SCHEDULING CONFERENCE

**1.      Initial Scheduling Conference.**

The court will conduct an initial scheduling conference on Wednesday, February 18, 2015, at 10:00 a.m., in Courtroom 1525, United States Courthouse, 1100 Commerce Street, Dallas, Texas. If it appears that attendance will exceed the capacity of the courtroom, the conference will be relocated, and persons attending the conference will be directed to an alternate courtroom.

**2.      Orders Resulting from the Conference.**

The court intends to file a case management and scheduling order, and may file other orders, after considering the presentations at the conference.

**3.      Attendance by Parties.**

Parties are permitted to attend the conference through their attorneys of record.  Parties with similar interests should, so far as practicable, agree to be represented at the conference by one attorney with authority to speak on their joint behalf.  By designating one attorney for this purpose, a party is not precluded from being represented by other attorneys during the litigation.  Attendance at the conference does not waive objections to jurisdiction, venue, or service.

**4.      Participation by Parties by Telephone.**

Parties who cannot attend the conference may participate by telephone.  A party desiring to participate by telephone must, no later February 13, 2015 at noon, file in the Master Docket a request to participate by telephone.  If the party desires to speak during the conference, it must include a request to speak.  If at least one party requests to participate by telephone, the court will file in the Master Docket instructions for doing so.

5.      **Attendance by Others.**

Persons who are not named as parties to this litigation but who may later be joined as parties, or are parties to related litigation pending in federal or state court, are invited to attend in person or through an attorney.  Unless the person or the person's attorney has received advance approval from the court, the person or the person's attorney may attend the conference but may not speak during the conference.

6.      **Purposes and Agenda.**

The conference will be held for the purposes, and to address the matters, specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f).  To the extent applicable, the items listed in the MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.211 (2004) will constitute the tentative agenda.  No later than February 13, 2015 at noon, a party may file in the Master Docket a request to add one or more items to the tentative agenda, stating and reasonably describing the item or items to be added.

7.      **Preparations for Conference.**

(a) *Filings for the Conference.*  In addition to the filings that this order requires be made in the Master Docket, a party may file in the Master Docket any other document that the party is permitted to file under this order and that is related to the conference.

(b) *Procedures for Complex Litigation.*  Attorneys participating in the conference are expected to be familiar with the MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004) and to be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(c) *Initial Conference of Attorneys.*  The attorneys are encouraged to meet and confer before the conference and seek consensus to the extent possible concerning the applicable items on the

tentative agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joining parties, amending pleadings, filing motions (including dispositive motions), and remanding any unresolved cases for trials in the transferor courts. The court will seriously consider any proposed case management and scheduling order to which all, or a substantial number of, the parties agree.

(d) *Preliminary Report Concerning Factual and Legal Issues*. No later than February 13, 2015 at noon, the parties must file a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. The attorneys are encouraged to confer and, so far as possible, to submit such statements jointly. These statements are not binding, do not waive claims or defenses, and cannot be offered in evidence against, or otherwise used against, the parties filing them.

(e) *List of Pending Motions*. No later than February 13, 2015 at noon, a party who has filed a pending motion in an individual case must file in the Master Docket a statement that identifies the motion by its title, the date on which it was filed, and the Northern District of Texas civil action number assigned to the case. The statement must also list the date or dates on which any further briefing for or against the motion has been filed.

(f) *List of Related Cases*. No later than February 13, 2015 at noon, a party who is aware of a related case pending in federal (including in this litigation) or state court must file in the Master Docket a statement that identifies the case by its caption, case number, and the court in which it is pending.

**8.     No Continuances of Initial Scheduling Conference.**

Due to the number of cases involved, the court's desire to achieve a just, speedy, and

inexpensive resolution of this litigation, and the administrative complexities of rescheduling the initial scheduling conference, the conference will not be continued. Parties who cannot attend in person may participate by telephone.

**9.      Assisting in Notifying Others of the Initial Scheduling Conference.**

If an attorney who receives a copy of this order becomes aware that another attorney who should receive notice of the initial conference has not received such notice, the attorney is requested to forward a copy of this order to that attorney.

## III. APPOINTMENT OF LEAD AND LIAISON COUNSEL

The court will consider appointing lead counsel (and/or a steering committee) and liaison counsel for plaintiffs and defendants. Applications for these positions must be filed in the Master Docket no later than February 13, 2015 at noon. Supporting documents that contain sensitive information (e.g., a law firm's financial resources) can be filed under seal. The court will only consider attorneys who represent a party to a civil action that is part of this litigation.

Each applicant should identify the position or positions for which application is made and address (1) the applicant's willingness and ability to commit to the time necessary to complete the coordinated and consolidated pretrial proceedings in this court; (2) the applicant's ability to work cooperatively with other attorneys; (3) the applicant's professional experience in multidistrict litigation; (4) the applicant's professional experience in litigation of the type at issue; (5) the applicant's access to sufficient resources to perform the role as lead or liaison counsel; and (6) any other matters that the applicant believes support the application.

## IV. INTERIM RULINGS

1.    **Pleadings**.

Each defendant is granted an extension of time for responding by motion or answer to a complaint until a date to be set at the conference.

2.    **Pending and New Discovery**.

Pending the conference, all outstanding disclosure and discovery proceedings are stayed, and no further discovery can be initiated.  This does not preclude the parties from making disclosures or engaging in discovery voluntarily or by agreement.  A party can seek relief from this stay for cause.

3.    **Motions Precluded Without Leave of Court**.

Prior to the conference, no motion can be filed without leave of court.

4.    **Certain Orders of Transferor Courts Vacated**.

All orders by transferor courts imposing dates for pleading or discovery are vacated.

**SO ORDERED**.

January 15, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE