IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: INTRAMTA SWITCHED ACCESS | § | |
| CHARGES LITIGATION | § | |
| | § | Civil Action No. 3:14-MD-2587-D |
| | § | (MDL No. 2587) |
| | § | |
| | § | |
| THIS DOCUMENT RELATES TO | § | |
| ALL CASES | § | |

## ORDER

On February 25, 2015 lead and liaison counsel for defendants submitted a notice of filing proposed order on appointments and a proposed order.  The court has added line numbers to the proposed order to facilitate submitting objections and has attached this version as an exhibit to this order.

Any plaintiff or defendant in a case that is part of this litigation who objects to any part of the proposed order must submit the objection no later than March 4, 2015.  Any such objection must be filed in the Master Docket in this litigation, Civil Action No. 3:14-MD-2587-D.  If a timely objection is submitted, the court will permit lead and liaison counsel for defendants to submit a response before entering the order.

**SO ORDERED**.

February 26, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

EXHIBIT

1    IN THE UNITED STATES DISTRICT COURT
2    FOR THE NORTHERN DISTRICT OF TEXAS
3    DALLAS DIVISION
4
5    IN RE:  INTRAMTA SWITCHED ACCESS    §
6    CHARGES LITIGATION                  §
7                                        §    Civil Action No. 3:14-MD-2587-D
8                                        §    (MDL No. 2587)
9                                        §
10                                       §
11   THIS DOCUMENT RELATES TO            §
12   ALL CASES                           §
13

14                    **ORDER APPOINTING DEFENDANTS'**
15            **LEAD / LIAISON COUNSEL AND STEERING COMMITTEES**
16

17        On February 13, 2015, pursuant to the Court's Case Management and Scheduling Order

18   No. 1 (Docket No. 12) ("CMO No. 1"), Defendants notified the Court that they recommended

19   the appointment of two Steering Committees – one for large and medium-sized local exchange

20   carriers ("LECs"), and the second for small, regional, and rural LECs (collectively the "Steering

21   Committees").  (Docket No. 67.)  Thirteen law firms submitted individual applications detailing

22   their qualifications and willingness to serve as members of the Steering Committees.  (Docket

23   Nos. 47, 48, 50, 52, 53, 56, 57, 58, 59, 61, 62, 64, 65.)

24        Also on February 13, 2015, Cooley LLP ("Cooley"), counsel for 77 CenturyLink

25   affiliates (collectively "CenturyLink"), filed an application to be appointed Lead / Liaison

26   Counsel for Defendants and a member of the Steering Committee for Large/Medium LECs.

27   (Docket No. 65.)  No other applications for Lead or Liaison Counsel for Defendants were filed,

28   and no objections were raised to Cooley's appointment to these roles.  *Id.* at 2 & 18.

29        At the Initial Scheduling Conference on February 18, 2015, no objections were raised to

30   these applications.

---

**ORDER APPOINTING DEFENDANTS'**
**LEAD / LIAISON COUNSEL AND STEERING COMMITTEES**

31   Having considered the submissions by counsel, the preferences voiced at the Initial

32   Scheduling Conference, and the criteria set forth in Section III of CMO No. 1, the *Manual for*

33   *Complex Litigation*, and Federal Rule of Civil Procedure 23(g), the Court hereby appoints the

34   below leadership structure for Defendants.  The Court has reviewed the applications counsel

35   submitted and finds that all of the lawyers applying for leadership positions have satisfactory

36   credentials and experience to serve in leadership roles in the litigation.

37   **I.      LEAD AND LIAISON COUNSEL**

38          **A.      <u>Appointment</u>**

39          The Court hereby appoints as Lead and Liaison Counsel for Defendants ("Lead

40   Counsel"):

41                  Douglas P. Lobel
42                  David A. Vogel
43                  COOLEY LLP
44                  One Freedom Square | Reston Town Center
45                  11951 Freedom Drive
46                  Reston, VA 20190
47
48   in coordination with their local counsel, Michael P. Lynn and Christopher J. Akin of Lynn

49   Tillotson Pinker & Cox, L.L.P.

50          **B.      <u>Responsibilities</u>**

51          All Defendants retain the right to choose to act individually in their best interests in these

52   proceedings.  However, the large number of counsel and Defendants requires a substantial

53   amount of coordination of litigation efforts.  Therefore, in consultation with the Steering

54   Committees, Lead Counsel shall be responsible for coordinating the pretrial activities of

55   Defendants in this litigation.  To that end, but nonetheless subject to each Defendant's retention

56   of the right to choose to act independently in its best interests in these proceedings and each

57   Defendant's rights under Section IV.1 below, Lead Counsel shall have the following authority

---

**ORDER APPOINTING DEFENDANTS'**
**LEAD / LIAISON COUNSEL AND STEERING COMMITTEES**

58   and responsibilities, and may undertake these actions in its professional discretion, to the extent

59   the Court permits any of these pretrial activities in this proceeding:

60   1.   Solicit the views and positions of Defendants through communications with the

61   Steering Committees and, where appropriate, counsel for individual Defendants;

62   2.   Coordinate and manage pretrial proceedings on behalf of all Defendants,

63   including briefing and arguing motions personally or by designee, after consulting with Steering

64   Committees and other Defendants' counsel, with the goals of (a) consolidating common

65   arguments and claims where possible, but also (b) giving appropriate opportunity to differing

66   positions among Defendants;

67   3.   Prepare and circulate, or delegate the preparation to others, of written materials

68   for joint submission by multiple or all Defendants, affording reasonable opportunity for review,

69   comment, and approval or disapproval of the Steering Committees or, when appropriate, counsel

70   for individual Defendants;

71   4.   Sign joint and/or consolidated documents on behalf of multiple or all Defendants,

72   when (a) Lead Counsel has given a reasonable opportunity for Defendants to object to the

73   documents; (b) a matter is urgent and no opportunity for consultation with other Defendants is

74   present; or, (c) a matter is administrative and Lead Counsel does not believe the substantive

75   rights of any Defendant will be prejudiced;

76   5.   After consultation with the Steering Committees, develop and propose to the

77   Court schedules for pretrial matters, including motions, discovery, and other procedures that may

78   arise;

79   6.   Coordinate and manage discovery among all Defendants including, but not

80   limited to, preparing joint discovery requests and responses where possible, preparing

81    coordinated schedules for written discovery, document production and review, depositions,

82    subpoenas, and other manners of discovery;

83          7.      Coordinate the schedules of fact and expert witness depositions and after

84    consulting with the Steering Committees and other Defendants' counsel, determine the lead

85    examiner(s) for each noticed deposition, where multiple Defendants have an interest in the

86    deposition;

87          8.      After consulting with the Steering Committees and other Defendants' counsel,

88    coordinate depositions of Plaintiffs under Rule 30(b)(6), including coordinating and

89    consolidating the list of topics for the depositions, the times and places of the depositions, and

90    the lead examiner(s) for the depositions;

91          9.      After consulting with the Steering Committees and other Defendants' counsel,

92    coordinate the identification, retention and testimony of experts or consultants whose testimony

93    will be relied upon by multiple Defendants;

94          10.     After consulting with the Steering Committees and other Defendants' counsel and

95    obtaining prior consent from counsel for any Defendant to be bound by a stipulation, enter into

96    stipulations with Plaintiffs as necessary for the conduct of the litigation, including the requisite

97    meet and confer for motions;

98          11.     Communicate with the Court and other counsel on behalf of Defendants;

99          12.     Coordinate, plan, and lead meetings with co-Defendants and/or either Steering

100   Committee when, after consulting with the Steering Committees and other Defendants' counsel,

101   Lead Counsel reasonably determines that (a) such meetings are appropriate, and (b) the time and

102   manner of the meetings are convenient to a reasonable number of Defendants with an interest in

103   the subjects of the meetings;

104   13. Advise co-Defendants of developments and prepare and distribute periodic status

105 reports;

106   14. Maintain up-to-date lists of counsel;

107   15. Keep complete files of materials in this multidistrict proceeding;

108   16. Maintain, or arrange for the maintenance of, an electronic database of discovery

109 materials;

110   17. Consult with local counsel Lynn Tillotson Pinker & Cox, L.L.P as necessary

111 concerning local practices and Court procedures; and

112   18. Perform such other duties as may be incidental to the above duties or authorized

113 by further order of the Court.

114 **II.** **STEERING COMMITTEES**

115   **A.** <u>**Appointment**</u>

116   The Court hereby appoints the following counsel (listed in alphabetical order) to the

117 Large / Medium LEC Steering Committee ("Large LEC Committee" and each a "Member"):

118   Douglas P. Lobel
119   David A. Vogel
120   COOLEY LLP
121   One Freedom Square | Reston Town Center
122   11951 Freedom Drive
123   Reston, VA 20190
124
125   Christopher W. Savage
126   Adam S. Caldwell
127   DAVIS WRIGHT TREMAINE LLP
128   1919 Pennsylvania Avenue, NW, Suite 800
129   Washington, DC 20006
130
131   Juliet A. Cox
132   Eric S. Johnson
133   KUTAK ROCK LLP
134   Two Pershing Square

135               2300 Main Street, Suite 800
136               Kansas City, MO 64108
137
138               Matthew A. Brill
139               John S. Cooper
140               LATHAM & WATKINS LLP
141               555 Eleventh Street, NW, Suite 1000
142               Washington, DC 20004
143
144               Christian F. Binnig
145               Jeffrey M. Strauss
146               MAYER BROWN LLP
147               71 S. Wacker Drive
148               Chicago, IL 60606
149
150               Russell Blau
151               MORGAN, LEWIS & BOCKIUS LLP
152               2020 K Street, NW
153               Washington, DC 20006

154       The Court hereby appoints the following counsel (listed in alphabetical order) to the

155   Small / Regional / Rural LEC Steering Committee ("Small LEC Committee" and each a

156   "Member"):

157               Gerard J. Duffy
158               BLOOSTON, MORDKOFSKY, DICKENS, DUFFY & PRENDERGAST LLP
159               2120 L Street, NW, Suite 300
160               Washington, DC 20037
161
162               Gregory R. Merz
163               GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
164               80 South 8th Street, Suite 500
165               Minneapolis, MN 55402
166
167               Brook B. Brown
168               Carl R. Galant
169               McGINNIS LOCHRIDGE & KILGORE LLP
170               600 Congress Avenue, Suite 2100
171               Austin, TX 78701
172
173               Todd A. Holleman
174               MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
175               150 West Jefferson, Suite 2500
176               Detroit, MI 48226

**ORDER APPOINTING DEFENDANTS'**
**LEAD / LIAISON COUNSEL AND STEERING COMMITTEES**

177        James A.L. Buddenbaum
178        Travis W. Montgomery
179        PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
180        201 North Illinois Street, Suite 300
181        Indianapolis, IN 46204
182
183        David J. Hogue
184        PRINGLE & HERIGSTAD, P.C.
185        2525 Elk Drive, P.O. Box 1000
186        Minot, ND 58702
187
188        Paul M. Schudel
189        WOODS & AITKEN LLP
190        301 South 13th Street, Suite 500
191        Lincoln, NE 68508

192      **B.**     <u>**Responsibilities**</u>

193       Each Steering Committee shall coordinate and manage the mutual positions or

194 differences of opinions of the LECs with whom they are aligned.  The Steering Committees shall

195 work with Lead Counsel to coordinate the litigation efforts of Defendants.  Subject to each

196 Defendant's retention of the right to choose to act independently in its best interests in these

197 proceedings and each Defendant's rights under Section IV.1 below, each Steering Committee

198 shall have the following responsibilities, as these matters relate to the Defendants with whom

199 each Committee is aligned ("Aligned Defendants"):

200       1.     Identify areas of consensus or differences of opinion to inform Lead Counsel's

201 activities, including through regular contact with counsel for the Aligned Defendants;

202       2.     Meet and confer as needed regarding the completion of Aligned Defendants'

203 pretrial activities;

204       3.     Self-organize in any manner deemed appropriate by the Steering Committee,

205 including, by way of example, appointment of a Chair, or delegation of lead responsibility for

206 various tasks or issues;

207          4.       Coordinate efforts with Lead Counsel to research and present matters to the Court

208  and draft documents;

209          5.       Designate counsel to participate in subcommittees as needed to address particular

210  demands of the litigation;

211          6.       Oversee the timely completion of discovery deadlines and the submission of

212  discovery materials by the Aligned Defendants;

213          7.       Consolidate discovery to eliminate repetition as much as possible;

214          8.       Hold meetings and distribute periodic status reports;

215          9.       Communicate on behalf of Aligned Defendants at pretrial proceedings and in

216  response to any inquiries by the Court, subject to the right of any Aligned Defendant's counsel to

217  present non-repetitive individual or different positions; and

218          10.     Perform such other duties as may be incidental to the above duties or authorized

219  by further order of the Court.

220  **III.     DEFENDANTS' JOINT PRIVILEGES**

221          The Court recognizes the need for cooperation of Defendants and their counsel for the

222  orderly and expeditious resolution of this litigation.  Defendants' confidential communications in

223  the course of their joint defense shall not, on that basis alone, be deemed to waive any privilege

224  or protection, including without limitation the attorney-client privilege, the work-product

225  doctrine, or any other privilege to which a party may otherwise be entitled.  Any cooperative

226  efforts by Defendants shall not in any way be used against any of them, be cited as purported

227  evidence of wrongful action or wrongful conduct, or be communicated to any jury.

228   **IV.      OBJECTIONS AND LIMITATIONS**

229          1.      Any Defendant ("Objecting Defendant") that objects to actions taken, or to

230   impending actions about to be taken, by Lead Counsel or by either Steering Committee shall

231   promptly notify Lead Counsel and the Steering Committee as appropriate.  All Defendants shall

232   use their best efforts to resolve these objections.  In unusual circumstances and upon a showing

233   of good cause, an Objecting Defendant may file a motion with the Court to set aside an action, or

234   to enjoin a pending action, of Lead Counsel or a Steering Committee.  However, no Objecting

235   Defendant is relieved of complying with any order or deadline of this Court merely by having

236   raised such an objection or filing such a motion.  An Objecting Defendant must independently

237   take whatever actions are necessary for it to comply with Court orders and deadlines.

238          2.      Serving as Lead Counsel or as a Member of either Steering Committee shall not

239   create any professional, ethical, fiduciary, or legal obligations with any Defendant other than its

240   own clients.  Neither Lead Counsel nor any Member of either Steering Committee shall be liable

241   to any other person or party for any claim or cause of action of any kind, where such claim or

242   cause of action arises from or relates to any action taken in good faith in the performance of their

243   duties hereunder.  No Defendant or attorney for any Defendant serving as Lead Counsel, Liaison

244   Counsel, or serving on either Steering Committee shall receive compensation or reimbursement

245   from any other Defendant for attorney's fees expended in providing those services.

246          3.      Any counsel may petition the Court to withdraw from their appointment(s) herein

247   if they no longer represent any Defendants in this proceeding or upon a showing of good cause

248   for other reasons.

249          xxxxxxxxAny objections to this Order shall be filed within seven (7) daysxx [to be removed from
      final order in view of procedure permitting objections before entry of order]

___

**ORDER APPOINTING DEFENDANTS'**
**LEAD / LIAISON COUNSEL AND STEERING COMMITTEES**

250    **SO ORDERED**.

251

252    [DATE]

253

254

255    _____

256    SIDNEY A. FITZWATER

257    UNITED STATES DISTRICT JUDGE

258

259

260

261    114220640