IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: INTRAMTA SWITCHED § <br> ACCESS CHARGES LITIGATION § <br> § <br> § <br> § <br> THIS DOCUMENT RELATES TO § <br> CIVIL ACTION NOS. § <br> 3:14-CV-1724-D, 3:14-CV-3210-D, § <br> 3:14-CV-4418-D, 3:14-CV-4420-D, § <br> 3:14-CV-4422-D, 3:14-CV-4423-D, § <br> 3:14-CV-4424-D, 3:14-CV-4425-D, § <br> 3:14-CV-4426-D, 3:14-CV-4427-D, § <br> 3:14-CV-4428-D, 3:14-CV-4429-D, § <br> 3:14-CV-4430-D, 3:14-CV-4433-D, § <br> 3:14-CV-4445-D, 3:14-CV-4446-D, § <br> 3:14-CV-4447-D, 3:14-CV-4460-D, § <br> 3:14-CV-4469-D, 3:14-CV-4470-D, § <br> 3:14-CV-4472-D, 3:14-CV-4473-D, § <br> 3:14-CV-4474-D, 3:14-CV-4546-D, § <br> 3:14-CV-4547-D, 3:14-CV-4561-D, § <br> 3:14-CV-4564-D, 3:14-CV-4571-D, § <br> 3:14-CV-4572-D, 3:14-CV-4573-D, § <br> 3:14-CV-4574-D, 3:14-CV-4577-D, § <br> 3:14-CV-4579-D, 3:14-CV-4580-D, § <br> 3:14-CV-4581-D, 3:14-CV-4585-D, § <br> 3:15-CV-0019-D, 3:15-CV-0020-D, § <br> 3:15-CV-0021-D, 3:15-CV-0022-D, § <br> 3:15-CV-0023-D, 3:15-CV-0033-D, § <br> 3:15-CV-0034-D, 3:15-CV-0035-D, § <br> 3:15-CV-0036-D, 3:15-CV-0040-D, § <br> 3:15-CV-0044-D, 3:15-CV-0045-D, § <br> 3:15-CV-0047-D, 3:15-CV-0066-D, § <br> 3:15-CV-0078-D, 3:15-CV-0114-D, § <br> 3:15-CV-0115-D, 3:15-CV-0128-D, § <br> 3:15-CV-0134-D, 3:15-CV-0137-D, § <br> 3:15-CV-0142-D, 3:15-CV-0198-D, § <br> 3:15-CV-0228-D, 3:15-CV-0260-D, § <br> 3:15-CV-0301-D, 3:15-CV-0563-D, § <br> 3:15-CV-0705-D, 3:15-CV-0931-D, § | Civil Action No. 3:14-MD-2587-D <br> (MDL No. 2587) |

| | |
|---|---|
| 3:15-CV-1040-D, 3:15-CV-1041-D, | § |
| 3:15-CV-1052-D, 3:15-CV-1053-D, | § |
| 3:15-CV-1069-D, 3:15-CV-1070-D, | § |
| 3:15-CV-1071-D, 3:15-CV-1102-D, | § |
| 3:15-CV-1177-D, 3:15-CV-1179-D, | § |
| and 3:16-CV-0351-D. | § |

## MEMORANDUM OPINION AND ORDER

In this multidistrict litigation, all or part of the following three motions are pending for decision: (1) defendants' December 8, 2015 motion for leave to file counterclaims,[1] for order establishing related procedures, and for status conference; (2) plaintiffs' December 10, 2015 request for extension of time to replead state claims[2]; and (3) plaintiffs' December 22, 2015 motion for final judgment pursuant to Rule 54(b), or, in the alternative, for certification review under 28 U.S.C. § 1292, and for stay pending appeal. The court conducted a telephonic hearing on February 24, 2016, and now decides the motions.

I

The court begins with plaintiffs' motion for final judgment pursuant to Rule 54(b), or, in the alternative, for certification review under 28 U.S.C. § 1292, and for stay pending appeal.

---

[1] On February 26, 2016 the court granted this motion to the extent that defendants may file counterclaims no later than April 26, 2016.

[2] On January 19, 2016 the court granted plaintiffs' request to the extent of staying their obligation to replead their state-law claims pending a ruling on their motion for final judgment pursuant to Rule 54(b), or, in the alternative, for certification review under 28 U.S.C. § 1292, and for stay pending appeal.

Despite the court's desire to conclude this litigation as quickly and inexpensively as possible and to take the necessary steps to secure an appellate decision at an early stage, the court cannot bend or break the procedural rules or disregard the substantive law to do so. The court cannot enter a judgment on its November 17, 2015 memorandum opinion and order[3] and certify that judgment as final under Fed. R. Civ. P. 54(b), at least for the reason that the judgment would not dispose of the damages that defendants seek to recover on their forthcoming counterclaims.[4] Because defendants as counterplaintiffs will have claims for damages under the court's decision, and the amount of those damages will not be fixed as of the time the court enters a judgment, Rule 54(b) certification is not available. *See Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir. 1993).

> In a civil damage suit . . . , a judgment for the [claimant] that determines liability for, but does not fix the amount of, damages is appealable solely under 28 U.S.C. § 1292(b)[.] . . . Federal Rule of Civil Procedure 54(b) is not available in such a case because it applies only to judgments that dispose of the entirety of one or more claims.

*Id.*; *see also Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.2d 1036, 1038 (7th Cir. 1988) (dismissing appeal from judgment certified under Rule 54(b) where complaint and one count of counterclaim were the same claim, and observing, *inter alia*: "If the complaint fails,

---

[3]*In re IntraMTA Switched Access Charges Litig.*, 2015 WL 7252948 (N.D. Tex. Nov. 17, 2015) (Fitzwater, J.).

[4]The court could not have avoided this result by denying defendants' motion for leave to file these counterclaims because there was no basis to preclude defendants from asserting counterclaims, most (if not all) of which appear to be compulsory.

Count I of the counterclaim must succeed, and vice versa."); *ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 512-13 (7th Cir. 1987) (per curiam) (dismissing appeal where there was substantial factual overlap between claim and compulsory counterclaim so that claim certified was not separate claim for relief).  It would waste the parties' resources, and unnecessarily delay this litigation, to enter a certification under Rule 54(b), only to have the Fifth Circuit dismiss the appeal for want of jurisdiction.

The court denies plaintiffs' alternative motion for certification review under 28 U.S.C. § 1292. Although it is essentially undisputed that the court's November 17, 2015 memorandum opinion and order involves a controlling question of law and that an immediate appeal from that ruling may materially advance the ultimate termination of the litigation, the court concludes that there is no substantial ground for difference of opinion regarding the controlling questions of law addressed in the court's decision.

Finally, because the court is not entering a Rule 54(b) final judgment or certifying its decision under § 1292 for immediate appeal, it denies plaintiffs' motion for stay pending appeal.

II

The court grants plaintiffs' request for extension of time to replead state claims to the extent that they must replead these claims no later than May 16, 2016.

III

The court grants the balance of defendants' motion for leave to file counterclaims,[5] for order establishing related procedures, and for status conference as follows.

Plaintiffs' obligations to file responsive pleadings to defendants' forthcoming counterclaims are stayed pending further court order.

No later than June 16, 2016, plaintiffs and defendants must submit a joint proposal that addresses the procedures, and a schedule, for litigating plaintiffs' state-law claims and defendants' counterclaims. They may include proposed methods for resolving the parties' alleged damages claims through alternative procedures that will reduce delay and costs, as well as other proposals that may reduce costs and delay in this court and, if necessary, following remands to the transferor courts. To the extent, if any, that a party disagrees with a particular proposal, it must state its reasons.

After considering the joint proposal, the court will schedule a status conference to address the content of a case management and scheduling order addressed to the remaining state-law claims and counterclaims. To assist the court in scheduling the conference, counsel are requested to advise the court in the joint proposal of dates in July and August[6] when they can attend a conference in Dallas. The afternoons of the following Fridays are currently

---

[5]The court has already granted defendants' motion for leave to file counterclaims. *See supra* note 1.

[6]Considering that counsel may be unavailable during parts of the summer, the court is requesting scheduling information for a multi-month period.

- 5 -

available: July 15 and 22, and August 12, 19, and 26. Dates other than Fridays may also be available, depending on the court's schedule.

* * *

Accordingly, the balance of defendants' December 8, 2015 motion for leave to file counterclaims, for order establishing related procedures, and for status conference is granted. Plaintiffs' December 10, 2015 request for extension of time to replead state claims is granted. And plaintiffs' December 22, 2015 motion for final judgment pursuant to Rule 54(b), or, in the alternative, for certification review under 28 U.S.C. § 1292, and for stay pending appeal is denied.

**SO ORDERED**.

March 16, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE